**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In Re*: **C.W., D.W., S.W., X.W. & I.W.**

**No. 13-0172** (Wood County 09-JA-50 through 09-JA-53 &10-JA-71)

**MEMORANDUM DECISION**

Petitioner Mother's appeal, by counsel Robin S. Bonovitch, arises from the Circuit Court of Wood County, wherein the circuit court terminated only her custodial rights to the children by order entered January 22, 2013. Petitioner also appeals the February 25, 2011 order granting the West Virginia Department of Health and Human Resources' ("DHHR") motion to reopen the abuse and neglect proceedings. The DHHR, by counsel Lee A. Niezgoda, has filed its response in support of the circuit court's orders. The guardian ad litem, James M. Bradley Jr., has also filed a response in support of the circuit court's orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2009, the DHHR filed a petition alleging physical abuse to C.W. by Respondent Father and also alleging abuse against petitioner for failure to protect the children. Petitioner and Respondent Father, her husband, successfully completed an improvement period following their disclosures that Respondent Father had unintentionally caused significant physical injuries to their oldest child, C.W., then age six. While the parents were able to achieve reunification with the children and the abuse and neglect matter was dismissed, related criminal charges were brought against both parents for the abuse to C.W. In September of 2010, the DHHR filed a second petition against the parents, alleging that petitioner intentionally burned C.W. with a fork she had allowed him to hold over an open flame and alleging that Respondent Father failed to protect the children. Following an adjudicatory hearing on this second petition, the circuit court found that the DHHR had failed to establish that the children were abused and/or neglected by clear and convincing evidence. The matter was dismissed by order entered on December 7, 2010, though ongoing services were ordered for the family.

On December 23, 2010, a sentencing order was entered in Respondent Father's related criminal proceedings. Respondent Father was sentenced to a term of incarceration of one to five years following his entry of a guilty plea to one count of child abuse resulting in injury. The circuit court also sentenced Respondent Father to a twenty-year term of supervised release

1

following his incarceration and, as a term of the supervised release, ordered that Respondent Father have no contact with the children. The circuit court also noted that, contrary to his admissions in the 2009 abuse and neglect proceedings, Respondent Father admitted under oath that he intentionally struck C.W., causing him injury. The circuit court presiding over the criminal matter directed the DHHR to seek to reopen the 2009 abuse and neglect proceedings because Respondent Father had perpetrated a fraud upon the court by completing his improvement period under the guise that his abuse of C.W. was unintentional. In January of 2011, the DHHR filed a motion to reopen the previous abuse and neglect proceedings based upon Respondent Father's admission that he intentionally harmed C.W. The circuit court granted the motion, and a later-born child, I.W., was included in the proceedings.

In February of 2011, following the entry of guilty pleas, petitioner was sentenced on three misdemeanor counts of contributing to the neglect of a child. The criminal court sentenced her to one year in jail for each count, but suspended two of the sentences in lieu of a total period of probation of four years. Thereafter, petitioner entered into a stipulated adjudication as to her abuse and neglect of all five children based upon her failure to protect them from Respondent Father, her failure to acknowledge that the actions occurred, and her failure to acknowledge her own role in the abuse. Petitioner was granted an improvement period on February 7, 2012. The circuit court began a dispositional hearing in September of 2012, eventually concluding the same on October 16, 2012. Because the children were already residing with family members, the circuit court chose to terminate only petitioner's custodial rights to the children.[1]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

[1]According to the parties, the circuit court took no action in regard to Respondent Father's parental rights, in light of the terms of his supervised release prohibiting him from having contact or residing with minor children, including his own.

To begin, the Court finds no error in regard to petitioner's allegation that the circuit court erred in granting the DHHR's motion to reopen the 2009 abuse and neglect proceedings against the parents. Simply put, the circuit court was not precluded from revisiting the substantiated conditions of abuse and neglect that were present in 2009 simply because the matter was no longer pending. While petitioner argues that reopening the case was improper because the parents completed the terms and conditions of their prior improvement period such that they achieved reunification with the children, it is clear that appropriate terms and conditions for such improvement period could not have been established due to dishonesty regarding the specific abuse present. Although the DHHR improperly titled the motion,[2] modification of a prior disposition is allowed under West Virginia Code § 49-6-6(a) upon motion of the DHHR, and the circuit court was not precluded from revisiting the matter simply because of a prior disposition.

In fact, we have previously held that "[t]he plain language of W. Va.Code § 49–6–6 . . . permits a child, a child's parent or custodian, or the West Virginia Department of Health and Human Resources to move for a modification of the child's disposition where a change of circumstances warrants such a modification." Syl. Pt. 1, *In re Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373 (2007). The Court finds that Respondent Father's admission to intentionally abusing the child created a change of circumstances warranting modification, especially in light of the fact that petitioner and Respondent Father completed their prior improvement periods under false pretenses, thereby failing to address the actual underlying conditions of abuse. As such, the Court finds no merit in petitioner's argument that the proceedings should not have been reopened as to her because the evidence shows that Respondent Father's fraud materially affected the abuse and neglect proceedings as to both parents. As such, the circuit court's February 25, 2011, order granting the DHHR's motion to reopen the abuse and neglect proceedings is affirmed.

As to the termination of petitioner's custodial rights, the Court finds no error in this regard. While petitioner argues that the circuit court was precluded from finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because it previously found that she had corrected these conditions sufficient to achieve reunification, the Court again notes that Respondent Father's dishonesty precluded the circuit court from making accurate findings in the earlier proceedings. Based on the evidence, including Respondent Father's admission that he intentionally abused C.W., the Court finds that the original conditions of abuse and neglect present in 2009 were misrepresented to the circuit court. As such, any findings as to those conditions having been corrected prior to Respondent Father's admission of intentional abuse have no preclusive effect on the circuit court reexamining the conditions of abuse and neglect with full knowledge of the parents' actual role in perpetrating the abuse. This is especially true in light of the fact that modification of the prior disposition was warranted, as addressed above.

The circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future because petitioner failed to comply with the specific terms of her improvement period. The circuit court cited to an individual

---

[2] The DHHR titled its motion below as follows: "Motion to Re-open Case."

term that required petitioner to make full disclosures concerning the abuse during therapy sessions and a psychological evaluation. Specifically, petitioner was required to fully disclose "the abuses suffered by the children, her role in causing the abuses, her failure to protect the children and her complicity in carrying out the cover-up perpetrated on the court by the father." This term of her improvement period was implemented in order to assure that petitioner and the Multi-disciplinary Team ("MDT") could "develop a plan that will assure that [the abuses] do not happen in the future."

However, the circuit court found that petitioner never completed this term, as evidenced by her failure to fully disclose or discuss Respondent Father's abuse, her refusal to acknowledge her failure to protect the children, and her lack of an admission to carrying out a cover-up of the abuse in the prior abuse and neglect proceedings. While petitioner stated that she was unaware of the prior abuse because she did not see it occur, the circuit court noted that petitioner should have knowledge of the events because C.W. described the abuse to a Child Protective Services ("CPS") worker and because Respondent Father admitted to the abuse in his criminal proceeding. In short, the circuit court found that accepting the fact that Respondent Father intentionally abused C.W. "was, and continues to be, essential to [petitioner's] successful completion of her improvement period . . . ." However, the circuit court found that petitioner "has totally failed to accept the fact that her husband, the Respondent Father, abused their eldest child."

West Virginia Code § 49-6-5(b)(3) states that a circumstance under which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future includes a situation where

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Based upon the foregoing, it is clear that petitioner failed to follow through with the terms of her improvement period designed to prevent further abuse. Additionally, we have held that

> in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010) (quoting *W.Va. Dep't. of Health and Human Res. v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)). Based upon the foregoing, it is clear that the circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because of petitioner's inability to comply with the terms of her improvement period.

4

Because the circuit court properly found that petitioner could not substantially correct the conditions of abuse and neglect in the near future and also found that continuation in the home was contrary to the children's welfare and best interests, it did not err in terminating petitioner's custodial rights. In fact, West Virginia Code § 49-6-5(a)(6) requires circuit courts to terminate parental rights upon such findings. Further, the Court finds no merit in petitioner's argument that the circuit court lacked sufficient evidence to support this disposition. Petitioner's argument on this point is premised upon her testimony regarding her decision to continue her relationship with Respondent Father. This includes petitioner's assurances that she would protect the children from Respondent Father and that she would not be cohabitating with him.

This argument lacks merit because the evidence and findings outlined above were sufficient to terminate petitioner's custodial rights absent any of the additional findings regarding petitioner's decision to continue her relationship with her children's abuser. Further, the Court notes that petitioner even admitted that some contact between Respondent Father and the children would be unavoidable, but that she would ensure it was minimal. According to her own testimony, petitioner expressed an intention to facilitate Respondent Father in violating the terms of his supervised release by exposing the children to him, regardless of how minimal she contemplated the contact to be. As such, the Court finds no error in the circuit court relying on petitioner's continued relationship with Respondent Father in reaching termination.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2011 order granting the DHHR's motion to reopen the abuse and neglect proceedings and its January 22, 2013 order terminating petitioner's custodial rights are hereby affirmed.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II